FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 25 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

MARCOS SANTIAGO,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

-------------------------------------------------------  X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 0856 (BMC)

**COGAN**, District Judge.

This excessive force case under 42 U.S.C. §1983 arises out of an incident on March 26, 2006. It is before me on defendants' motion to dismiss the defendant police officer for failure to effect service within 120 days of commencement, as required by Fed. R. Civ. P. 4(m), and for failure to state a claim against defendant City of New York. Plaintiff requests an extension to effect service. Defendants' motion is granted in part and denied in part, and plaintiff's motion is denied as premature.

## I. The Service Issue

The service issue is significant because the statute of limitations has run. Plaintiff filed his complaint about a month before the expiration of the statute, and thereafter, within 120 days, served defendant City.[1] However, at the time he filed the complaint, plaintiff misidentified the police officer; the complaint was directed at "P.O. O'Dell," which is the best information that plaintiff could recall from the incident, when in fact he meant to sue Officer O'Dell's partner.

---

[1] Plaintiff asserts that he served both the City and prior defendant O'Dell within 120 days of commencement. Defendants do not dispute this statement, but the Court notes, as do defendants, that there is nothing on the docket that shows service on either the City or O'Dell. In other cases in which plaintiff's counsel has appeared before me, I have admonished him that he has an office procedure defect that results in the failure to timely file proof of service. I again urge him to remedy that problem.

At the initial status conference on May 8, 2009, the City identified the officer involved in plaintiff's incident as P.O. Kevin O'Hea. Rather than requiring plaintiff to file an amended complaint, I deemed the complaint amended to reflect the substitution of Officer O'Hea for Officer O'Dell.[2]

On June 1, 2009, the City filed an answer on behalf of itself and Officer O'Hea. The answer did not assert any service or jurisdictional defenses.

On July 16, 2009, defendants moved pursuant to Rule 12(c) to dismiss the complaint against Officer O'Hea for failure to effect timely service under Rule 4(m). Defendants referenced their answer in a footnote, asserting that the prior defense counsel assigned to the case had mistakenly answered on behalf of Officer O'Hea, and that counsel was neither authorized by the City's procedures nor Officer O'Hea to have answered on his behalf. According to defendants, good cause does not exist for an extension of time to serve Officer O'Hea, and granting an extension would prejudice him by depriving him of his statute of limitations defense.

Plaintiff has three responses. First, he contends that this Court's Order deeming the complaint amended to name Officer O'Hea "relates back" to his filing of his action on February 27, 2009. This argument does not help plaintiff. He is confusing the need to commence the action within the statute of limitations with the need to serve a defendant within 120 days of commencement. The issue here is service, not satisfaction of the statute of limitations. A claim against a "corrected" defendant can relate back to the commencement of the case for statute of limitations purposes if the conditions in Rule 15(c)(3) are met, but that says nothing about the need to timely serve the proper defendant. Rule 15, under specified circumstances, relates back

---

[2] Plaintiff asserts that the Court also deemed the summons amended as well as the complaint, but the Court's Order on the docket shows that is wrong.

the assertion of the claim; it does not transfer previously made service from one defendant to another defendant. Since plaintiff still has not served Officer O'Hea to date, relating his substitution to some earlier date does not remedy the failure to serve.

Second, plaintiff asserts that based on the relationship between the City and Officer O'Hea, service on the City was effectively service on Officer O'Hea. This argument is rejected as well. Service on the City does not constitute service on an individual officer. Davis v. City of New York, No. 07 Civ. 1395 (RPP), 2008 WL 2511734, at *3 (S.D.N.Y. June 19, 2008).

Plaintiff's final argument, which he makes only in passing, is that he was lulled into a false sense of security by the City's filing of an answer on behalf of itself and Officer O'Hea that did not assert jurisdictional defenses. I accept for purposes of this motion the City's representation that this filing, as to Officer O'Hea, was a mistake, but the question is who should bear the burden of that mistake. It is true that Officer O'Hea cannot be bound by the filing of an answer by an attorney who he has not retained. It is also true that loss of his statute of limitations defense, which would result from deeming service valid or extending plaintiff's time to effect service, constitutes some degree of prejudice to him. See Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007).

When a plaintiff's dilatory conduct results in a dismissal under Rule 4(m) and the consequent expiration of the statute of limitations, that plaintiff often should be required to bear the burden of his dilatory conduct. That is not what happened here. At the time that an answer was filed on behalf of Officer O'Hea, plaintiff still had 25 days left of the original 120-day period to make service on Officer O'Hea. We will never know what plaintiff would have done if counsel had answered only on the City's behalf or had answered on behalf of Officer O'Hea while asserting a jurisdictional defense, but a plaintiff's attorney does not act unreasonably in

3

relying on an answer that waives service defects, filed on behalf of a named defendant. Thus, although Officer O'Hea is prejudiced by the loss of the statute of limitations defense, the fault of that lies more with counsel who filed on an answer on his behalf than with plaintiff's counsel, and it would be unfair to make plaintiff bear the burden of an erroneously filed answer that appeared fully proper on its face.

Counsel's filing of an answer on behalf of both defendants with no jurisdictional defenses – an answer that has still not been amended – would constitute cause for an extension of time to serve. Accordingly, defendants' motion to dismiss under Rule 4(m) is denied.

However, plaintiff's motion for an extension of time to effect service is at least premature, as the docket still reflects an answer on behalf of Officer O'Hea that does not assert any service defect. It is not sufficient for defendants to assert in a motion to dismiss under Rule 4(m) that this answer was a "mistake." It is still there on the docket. If they wish to file an amended answer that removes Officer O'Hea or adds a jurisdictional defense for him, they may move for that relief. However, since the likely result of granting such a motion, if grounds are found upon which to grant it, would be to extend plaintiff's time to effect service as a result of this ruling, the Court suggests that the parties resolve these pleading and service issues by stipulation, if further action is necessary in light of this ruling.

## II. The Monell Claim

It is questionable whether the boilerplate Monell claim often included in many §1983 cases, including this one, was ever sufficient to state a claim upon which relief could be granted. See Smith v. City of New York, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (holding that a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss). In light of Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009), and Bell

4

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), it is now clear that such boilerplate claims do not rise to the level of plausibility.

The Monell claim is therefore dismissed. Plaintiff may file an amended complaint containing such a claim within 10 days if he believes he can do so consistent with Rule 11; otherwise, the Court will consider a motion to amend, if plaintiff is so advised, after Officer O'Hea's deposition in which his prior relevant conduct will likely be addressed.

**SO ORDERED.**

S/BMC

/U.S.D.J.

Dated: Brooklyn, New York
August 18, 2009